No. 4772.

STATE OF LOUISIANA ex rel. FRANCOIS LACROIX *v.* JUDGE OF THE FIFTH DISTRICT COURT et als.

A suspensive appeal being in force, respondents in this case conceded nothing in releasing the seizure of the relator's property for thirty days on his promise to pay the amount of the judgment rendered against him, with interest and costs. They had no right whatever to execute the judgment pending the suspensive appeal.

Therefore the promise insisted on was a mere *nudum pactum*, which could no more defeat the appeal than a like promise not to take an appeal could defeat one subsequently taken according to law.

WRIT OF PROHIBITION to the Judge of the Fifth District Court, parish of Orleans. *A. B. Philips,* for relator. *M. E. Livaudais,* for respondent.

WYLY, J. On the fifteenth of October, 1872, the judge of the Fifth District Court, parish of Orleans, set aside the suspensive appeal in the case of Mrs. S. Costera et als. *v.* François Lacroix, on the ground

of the insolvency of the surety, and allowed the appellant ten days to· file another appeal bond, which was accordingly done.

On the twenty-first of May, 1873, the judge, in a proceeding contradictorily with the parties in interest, again set aside the appeal and ordered execution to issue against the relator on the ground that J. A.. E. Bonnet, the surety on the second appeal bond, was not good and sufficient. The relator subsequently applied for and obtained the writ of prohibition, upon which the case is now presented for determination..

The important question is, is the surety, J. A. E. Bonnet, good and sufficient? If he is, the Fifth District Court was without jurisdiction to set aside the appeal and issue execution against the relator.

The amount of the judgment appealed from is $1145, with legal interest from twenty-first of May, 1872. A bond of $1800 would be sufficient for a suspensive appeal. The relator, however, gave a bond for $3500. It is proved that J. A. E. Bonnet is worth $2000, and that he owes no debts. There is no counteracting evidence. We think the surety is good and sufficient.

The respondents, however, contend that after the appeal was set aside, and execution had issued against the property of the relator, the latter acquiesced in the order of the judge by entering into a verbal agreement with the respondents that he would pay the amount of the judgment, interest and costs if they would release the seizure of his property for thirty days, which was accordingly done ; that at the expiration of the thirty days, the relator refusing to pay according to his agreement, execution was again issued against his property, and on the day preceding that fixed for the sale thereof they were notified of the prohibition herein, being more than sixty days after the entry of the order setting aside the appeal.

We see no force in this defense. Assuming that the relator made such an agreement (of which there is no proof except the *ex parte* affidavit of the respondents), we fail to observe any consideration therefor.

The suspensive appeal being in force, as we have just shown, the respondents conceded nothing in releasing the seizure of the relator's. property for thirty days. They had no right whatever to execute the judgment pending the suspensive appeal. Therefore the promise insisted upon was a mere *nudum pactum*, which could no more defeat the appeal than a like promise not to take an appeal could defeat one subsequently taken according to law.

It is therefore ordered that the prohibition herein be made perpetual, and that the relator, Mrs. Costera, testamentary executrix, pay costs of this proceeding.

HOWELL, J., *dissenting.* The writ of prohibition is not one of right, but should issue or not just as the circumstances of each case will war-

rant. In this case, I do not think the facts justify its issuance. The first bond given by the relator was declared invalid, and he was allowed to furnish another, which was declared insufficient, and execution was ordered. It was issued and property seized. Instead of complaining, or taking any steps to arrest the execution of the judgment, he virtually admitted the correctness of the order setting aside his appeal and the right of the plaintiff in the writ to execute the judgment, by promising to pay the judgment within thirty days, if plaintiff would stay the sale that long. When that delay, thus granted to him, expired, and the judgment not being paid, the property was again advertised, and it was only four or five days before this second day of sale that he applied for a writ of prohibition. In my opinion, he is not entitled to it, under the circumstances, admitting the second bond to be good and sufficient, which I think is doubtful.

MORGAN, J., concurs in this opinion.